J-S84019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEBORAH THOMAS PARKER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACK J. PARKER | |
| Appellant | No. 388 EDA 2016 |

Appeal from the Judgment of Sentence Dated January 7, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): PFA #11-81799

BEFORE: OLSON, J., SOLANO, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY SOLANO, J.:                    **FILED JANUARY 27, 2017**

Appellant, Jack Parker, appeals the judgment of sentence imposed for two counts of Indirect Criminal Contempt ("ICC") pursuant to 23 Pa.C.S. § 6114(a). We affirm.

On November 14, 2011, Appellee filed a Protection from Abuse action ("PFA") against Appellant (her husband), and a temporary PFA order was served upon Appellant the next day. Trial Ct. Op., 3/17/16, at 2. On January 19, 2012, following a hearing, a final PFA order was entered, which was scheduled to expire on January 19, 2013. *Id.* In April 2012, after Appellant filed a motion for reconsideration, the trial court vacated the

_____

[*] Former Justice specially assigned to the Superior Court.

January 19, 2012 order without prejudice and reinstated the temporary PFA order, pending a hearing on the motion. *Id.* at 2-3.[1]

The instant ICC charges were filed against Appellant on October 22, 2014. Trial Ct. Op. at 3. After several continuances (due to other criminal charges against Appellant), the trial court held a bifurcated hearing on both the motion for reconsideration and the ICC charges on May 28, 2015, and January 7, 2016. *Id.* at 2-3.[2] The trial court concluded that there was sufficient evidence that Appellant had violated the temporary PFA on two separate occasions and found Appellant in contempt. *Id.* at 4.[3] Appellant was sentenced to two consecutive terms of six months of incarceration for the two ICC convictions. *Id.* at 5. The trial court also entered a final PFA, which is scheduled to expire on January 7, 2019. *Id.*

_____

[1] Both final and temporary orders prohibited Appellant from making any contact with Appellee. *See* PFA Order, 11/14/11; PFA Order, 1/19/12.

[2] Appellant argued at the May 28, 2015 hearing that under the January 19, 2012 order, he was permitted contact Appellee with regard to foreclosure of the mortgage on the parties' home. N.T., 5/28/15, at 17-20; Trial Ct. Op. at 4. The hearing was continued until January 7, 2016, for the parties to determine whether the final PFA order or the temporary PFA order was in effect at the time of Appellant's transgressions. Trial Ct. Op. at 3.

[3] Appellee testified that she received two letters from Appellant while the PFA order was in place. Trial Ct. Op. at 3. The first was sent in December 2011, and was addressed to the parties' two dogs; the second, sent in March 2014, discussed Appellee's injured leg. *Id.* Appellee was concerned how Appellant, who was incarcerated, knew about her leg injury. *Id.*

Appellant appealed the January 7, 2016 order and filed a timely 1925(b) statement of errors complained of on appeal as ordered by the trial court. Trial Ct. Op. at 2. In his 1925(b) statement, Appellant raised the following issues:

> 1. The Appellant should have been able to withdraw his guilty plea at the time of sentencing as case law clearly states that the Defendant is entitled to that right at any time before sentencing.
>
> 2. The Defendant's sentence was excessive under the guidelines and it should have been corrected.

1925(b) Statement.[4] However, in his brief to this Court, Appellant poses a single, wholly dissimilar issue:

> 1. Was not the evidence insufficient to establish the necessary elements of indirect criminal contempt when the Commonwealth failed to prove that the Appellant acted with "wrongful intent"?

Appellant's Brief at 2. Appellant makes no mention in his brief of the issues raised in his 1925(b) statement, and, more importantly, made no mention in his Rule 1925(b) statement of the issue he raises in his brief.

Pursuant to Rule 1925 of the Rules of Appellate Procedure, any issues not raised in a Pa.R.A.P. 1925(b) statement are waived. *See* Pa.R.A.P. 1925 (b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"); *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) ("in order to

---

[4] The trial court's 1925(a) opinion responded that Appellant never pleaded guilty to these offenses and that Appellant's sentence was within the statutory maximum. Trial Ct. Op. at 5.

preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925") (quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)). Therefore, Appellant's failure to raise in his 1925(b) statement those issues he now presents on appeal precludes our review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/27/2017</u>