989 A.2d 1274

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Aquil BOND, Appellant.**

**No. 501 CAP.**

Supreme Court of Pennsylvania.

March 3, 2010.

Application for Reargument

### ORDER

PER CURIAM.

**AND NOW,** this 3rd day of March, 2010, the Application for Reargument is hereby **DENIED.**

Chief Justice CASTILLE files a Concurring Statement.

Chief Justice CASTILLE, concurring.

I join the denial of the application for reargument and write only to respond to appellant's assertion, forwarded for the first time on reargument, that the claim he faults this Court for finding waived in fact was unwaivable. He further alleges that the claim "was explicitly and implicitly reached" by this Court even though we held it was waived and said nothing on the merits. This theory of "implicit and explicit" exhaustion of claims fails to acknowledge this Court's rejection of the theory in *Commonwealth v. VanDivner*, 983 A.2d 1199, 1205 (Pa.2009).

In his direct appeal, appellant raised numerous claims, but his application for reargument is limited to a single claim: that he was entitled to a new penalty hearing because the trial court violated his constitutional rights by requiring him to appear shackled before the jury during the penalty phase. This Court's unanimous Opinion concluded that the claim was waived because appellant failed to include it in his Pa.R.A.P. 1925(b) statement of matters complained of on appeal. *See Commonwealth v. Bond*, 985 A.2d 810, 823 (Pa.2009) (citing *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775, 780 (2005)).[1] We did not pass upon the merits of appellant's claim.

In his application for reargument, appellant does not dispute that he failed to comply with Rule 1925(b). Instead, he asserts that his claim cannot be deemed waived because this Court's statutory review in death penalty cases, which obliges us to affirm the sentence of death unless, *inter alia*, "the sentence of death was the product of passion, prejudice, or any other arbitrary factor," 42 Pa.C.S. § 9711(h)(3)(i), requires this Court to "address the constitutional issues that it believes are present, even if they are not raised by the defendant." Application for Reargument, at 3. Appellant goes farther and declares that "when this Court conducted its independent review of the record for passion, prejudice or other arbitrary factor, it explicitly and implicitly [sic] reached the constitutional issues arising out of the defendant's shackling before the

1. As a result of appellant's waiver, the trial court's otherwise comprehensive opinion did not address his claim.

jury." *Id.* at 5 (citing *Ake v. Oklahoma,* 470 U.S. 68, 74–75, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)). However, at the same time, appellant says "we failed to consider the merits" of the claim and he then faults this Court in that regard. *Id.*

In his brief on appeal, appellant did not forward this claim of relaxed waiver or non-waiver. Putting aside the inherent contradiction in appellant's current position as stated, his assertion that statutory penalty review operates to preserve waived claims, or obliges this Court to consider any and all constitutional claims even if waived, or operates to "explicitly and implicitly" decide constitutional claims we say we have not decided, is meritless. Indeed, this Court discussed at some length and rejected this very argument recently in our Opinion on Reargument in *VanDivner,* 983 A.2d 1199. The appellant in *VanDivner* suggested, as appellant does here, "that this Court's statutory review of a death sentence impliedly exhausts all penalty-related constitutional claims, irrespective of whether the claims were argued to the Court or were discussed in the Court's decision; and if we 'overlook' such a claim, he can pursue it for the first time upon reargument." 983 A.2d at 1203. We rejected this "novel theory," noting:

> Not all claims of error, or even all claims of constitutional error, implicate passion, prejudice, or arbitrariness. (Appellant's claim that the statute authorizes review of "all constitutional errors" ignores the statutory language.) Appellant cites to no authority from this Court, or from any other source, that remotely suggests that the claim he has belatedly identified implicates the statutory standard. Merely labeling a waived claim as one implicating the standard, as appellant does, does not make it so. Nothing in the statute, this Court's practices, or this Court's precedent suggests that our statutory review of death sentences for passion, prejudice or arbitrariness operates as an obligation to discover and raise any and all possible new defense claims and constitutional theories, such that a claim of *sub silentio* appellate court decision and "error" becomes available on reargument.

*Id.* We then discussed at some length *Bronshtein v. Horn,* 404 F.3d 700, 725–27 (3d Cir.2005), where now-Justice Alito examined this Court's review obligation. We noted that Justice Alito's understanding comported with our own and concluded as follows:

> This Court does not silently pass upon, and thereby impliedly preserve, decide or exhaust, claims in capital cases never argued to it or never discussed in our opinions. Our statutory review obligation does not prevent or discourage capital defendants from raising statutory review claims affirmatively. Moreover, generally speaking, statutory review does not relieve capital defendants of the obligation to affirmatively raise their claims on direct appeal.

*VanDivner,* 983 A.2d at 1205. *See also Commonwealth v. Chambers,* 980 A.2d 35, 59 n. 12 (Pa.2009).

*VanDivner* is controlling law for purposes of the theory of error appellant poses on reargument—yet appellant fails to acknowledge or discuss the case. Because the application does not account for controlling authority, it is frivolous as stated. *See* Pa. R.P.C. 3.1, 3.3.