J-S14022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WARREN H. RAFFENSBERGER, | |
| Appellant | No. 1752 MDA 2016 |

Appeal from the Order Entered September 19, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002844-2002

BEFORE: GANTMAN, P.J., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED MARCH 15, 2017**

Appellant, Warren H. Raffensberger, appeals from the order entered on September 19, 2016, that denied his motion to waive court costs and fines associated with the judgment of sentence imposed on January 14, 2008.[1]  We affirm.

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1] While not specifically designated, we conclude that Appellant's motion to waive court costs and fines was a motion of imminent default under Pa.R.Crim.P. Rule 706(D), in which Appellant claimed that his current physical and financial situation prevented him from making further payments.

The record reveals that in 2002, while on parole from earlier burglary convictions, Appellant was charged with persons not to possess firearms.[2] Appellant failed to appear for a scheduled guilty plea hearing, and a bench warrant was issued. Eventually, Appellant was discovered in Ohio and returned to Pennsylvania in November of 2007. N.T., 1/14/08, at 3. On January 14, 2008, Appellant was convicted of the firearms offense and sentenced that same day to a term of two to four years of incarceration followed by four years of probation. Appellant filed an appeal, and this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Raffensberger*, 970 A.2d 476, 311 MDA 2008 (Pa. Super. filed February 4, 2009) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Raffensberger*, 981 A.2d 219, 157 MAL 2009 (Pa. filed July 22, 2009).

On February 24, 2010, Appellant filed a timely *pro se* petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Despite the appointment of counsel, Appellant filed a plethora of *pro se* motions for relief. In one of Appellant's *pro se* motions, he requested the PCRA court judge to recuse. The PCRA court denied this request in an order filed on March 21, 2011, while Appellant's PCRA petition was still pending. Despite the pendency of Appellant's PCRA petition, Appellant filed a notice of

---

[2] 18 Pa.C.S. § 6105.

appeal to this Court from the March 21, 2011 order denying recusal. In an order filed on September 13, 2011, this Court quashed Appellant's interlocutory appeal. On September 18, 2011, Appellant filed a *pro se* motion to withdraw his PCRA petition, and he subsequently filed a counseled motion to withdraw his PCRA petition. Attached to the counseled motion was an agreement memorializing that counsel explained to Appellant the ramifications of withdrawing his PCRA petition and informing him of the rights he was waiving.[3] On October 18, 2011, the PCRA court dismissed Appellant's PCRA petition with prejudice.

Nearly five years later, on August 22, 2016, Appellant filed the underlying motion to waive court costs and fines that he remained obligated to pay pursuant to the January 14, 2008 judgment of sentence. In his motion, Appellant alleged a change in circumstance and inability to pay due to illness and complete disability. The trial court denied Appellant's motion on September 19, 2016. This timely appeal followed.

On October 4, 2016, the trial court ordered Appellant to file and serve upon the court a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In its Pa.R.A.P. 1925(a) opinion, the trial

_____

[3] The counseled motion to withdraw Appellant's PCRA petition and the accompanying agreement are not separately docketed. We note however, that the PCRA court attached the counseled motion and agreement to its October 18, 2011 order dismissing Appellant's PCRA petition with prejudice. Certified Record, at Docket Entry 88.

court noted that Appellant failed to comply. Trial Court Opinion, 11/9/16, at unnumbered 1.

It is well settled that in order to preserve an issue for appellate review, an appellant must timely file a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and any issues not raised will be deemed waived. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (reaffirming the bright-line rule first set forth in *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998)). Therefore, because Appellant failed to file a Pa.R.A.P. 1925(b) statement, he has failed to preserve any issues for this Court's review. Accordingly, we affirm the order denying Appellant's motion to waive court costs and fines.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2017