J-S71024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| PATRICK DANIEL TILLIO, JR. | |
| Appellant | No. 3495 EDA 2015 |

Appeal from the Judgment of Sentence October 29, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004226-2015

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 26, 2017**

Appellant, Patrick Daniel Tillio, Jr., appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, Criminal Division, following his bench trial conviction for criminal trespass.[1] After careful review, we find Appellant's claim waived and affirm.

The relevant facts of this case are as follows. On August 6, 2014, Appellant's father entered the leasing office of Tall Trees Village Apartments inquiring about a lease application. The following day, Appellant's father returned to the leasing office with Appellant. Appellant's father informed a leasing agent that he was interested in leasing an apartment for himself and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).

Appellant, but that Appellant did not want to fill out the mandatory lease application. That day, Appellant and his father were shown an apartment by a maintenance employee because the leasing agents felt uncomfortable showing the apartment to Appellant and his father alone. On August 11, 2014, Appellant and his father returned to the leasing office. The leasing agents called the police because they again felt uncomfortable in Appellant and his father's presence. When police officers arrived at Tall Trees Village Apartments, they advised Appellant and his father to leave the premises and not return. On September 29, 2014, Appellant and his father returned to Tall Trees Village Apartments, and the police were called to the apartment complex again.

Procedurally, the Commonwealth charged Appellant with criminal trespass. Following Appellant's wavier of his preliminary hearing, the court held a bench trial and found Appellant guilty of the aforementioned charge. That same day, Appellant was sentenced to time served, was released, and was ordered not to return to Tall Trees Village Apartments. Appellant filed a timely notice of appeal. The court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant timely filed a Rule 1925(b) statement challenging the sufficiency of his conviction, but later filed an amended Rule 1925(b) statement challenging the sufficiency of his purported 18 Pa.C.S.A. § 3503(b.1) conviction. The court filed a Rule 1925(a) opinion on March 28, 2016, addressing the sufficiency of Appellant's § 3503(b)(1)(i) conviction.

Appellant raises one issue for our review:

DID THE TRIAL COURT ERR IN CONVICTING [APPELLANT] OF THE OFFENSE OF DEFIANT TRESPASS BECAUSE THE COMMONWEALTH FAILED TO PROVE THE ELEMENTS OF THAT OFFENSE BEYOND A REASONABLE DOUBT?

Appellant's Brief, at 5.

Preliminarily, we observe any issues not raised in a Rule 1925(b) statement will be deemed waived on appeal. *See Commonwealth v. Jackson*, 10 A.3d 341, 347 n.4 (Pa. Super. 2010); Pa.R.A.P.1925(b)(4)(vii). *See also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) ("[I]n order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to [Rule] 1925.").

Instantly, Appellant argues in his amended Rule 1925(b) statement that the Commonwealth failed to present sufficient evidence to support his "18 Pa.C.S.A. § 3503(b.1)" conviction. However, we observe Appellant was not convicted under § 3503(b.1); he was convicted under § 3503(b)(1)(i), and Appellant argues the sufficiency of that conviction in his brief on appeal. Since Appellant failed to include argument regarding the sufficiency of his § 3503(b)(1)(i) conviction in the amended Rule 1925(b) statement, that claim is waived for purposes of appellate review.

Additionally, even if Appellant's issue is not waived, our review of the record indicates that the Commonwealth presented sufficient evidence to

establish each element of Appellant's § 3503(b)(1)(i) conviction. ***See***

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa. Super. 2011); 18

Pa.C.S.A. § 3503(b)(1)(i).[2]

Judgment of sentence affirmed.

Judge Bowes files a concurring memorandum.

Justice Fitzgerald files a dissenting statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2017

---

[2] We recognize that subsections (b.1)(1)(iv) and (b.1)(2) of § 3503 **Criminal Trespass** were recently declared unconstitutional in ***Leach v. Commonwealth***, 141 A.3d 426 (Pa. 2016) (holding that 18 Pa.C.S.A. § 3503(b.1)(1)(iv), (b.1)(2) violates the single-subject rule of Article III, Section 3 of the Pennsylvania Constitution). However, we note the holding in ***Leach*** does not affect our disposition in the instant case because Appellant was sentenced under subsection (b)(1)(i).