J-S43040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DENZEL KADEEM GAINES | |
| Appellant | No. 196 WDA 2017 |

Appeal from the Judgment of Sentence January 12, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0001197-2016

BEFORE: STABILE, SOLANO, and FITZGERALD[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 28, 2017**

Appellant, Denzel Kadeem Gaines, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas following his jury trial conviction of, *inter alia*, persons not to possess firearms.[1] Appellant alleges there was insufficient evidence to support his firearms conviction.  We affirm.

The trial court's opinion summarizes the relevant facts of this case as follows:

> The evidence presented at trial established through the testimony of Pennsylvania State Trooper Shane Reaghard that he was partnered with another trooper, Adam Sikorski, on May 31, 2016, at 2:30 A.M., when they attempted to make a routine traffic stop of the vehicle in which [Appellant] was a passenger.  The stop was

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).

originally attempted on East Fayette Street in Uniontown, Fayette County, Pennsylvania, but the vehicle turned down an alley instead of stopping. When the vehicle was in the alley, the front passenger door opened and [Appellant] jumped out and ran. Trooper Reaghard immediately exited his marked police vehicle and began a foot chase in an area colloquially referred to as the Pershing Court housing project. [Appellant] tried to climb over a fence, but fell backward, at which time the trooper observed a gun in the waistband of [Appellant's] pants. During the chase Trooper Sikorski saw a handgun in [Appellant's] left hand as [Appellant] fled from him, and yelled at him to drop it, which [Appellant] did.

After Trooper Reaghard and Trooper Sikorski apprehended [Appellant], he initially gave them a name other than his own when they asked him for his name. When they patted him down, he no longer had a weapon on his person. While [T]rooper Reaghard stayed with the just-apprehended [Appellant], Trooper Sikorski went back along the chase route to locate the gun. The trooper found the gun on the sidewalk, put gloves on to retrieve it and then secured [the gun] in the trunk of the police vehicle. Photos of the firearm retrieved from the sidewalk along the chase route by Trooper Sikorski were admitted into evidence . . . . For the benefit of the trial jury, defense counsel stipulated that [Appellant] is a member of the class referred to in 18 Pa.C.S. § 6105(c) and as such, he is not permitted to possess a firearm.

Trial Ct. Op., 3/1/17, at 2 (record citations omitted). On January 9, 2017, a jury convicted Appellant of, *inter alia*, persons not to possess firearms. The trial court sentenced him on January 12, 2017, to three to six years' imprisonment. Appellant timely appealed. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issue for our review:

WHETHER THE EVIDENCE WAS LEGALLY AND FACTUALLY INSUFFICIENT TO PROVE THAT [APPELLANT] WAS GUILTY OF [PERSONS] NOT TO POSSESS FIREARMS?

Appellant's Brief at 8.

Appellant argues there was insufficient evidence to support his conviction of persons not to possess firearms. Appellant claims the Commonwealth failed to meet its burden and present sufficient evidence through its witnesses to enable the jury to find Appellant guilty of the firearms offense beyond a reasonable doubt. Specifically, Appellant alleges that Trooper Reaghard's description of the firearm was inconsistent with his testimony at a previous hearing, and that Trooper Sikorski testified that he did not actually see Appellant throw a gun. Appellant concludes he should be granted a judgment of acquittal or a new trial. We disagree.[2]

When reviewing a challenge to the sufficiency of the evidence,

> [t]he standard we apply . . . is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts

---

[2] We note Appellant's brief also alleges the verdict was against the weight of the evidence. **See** Appellant's Brief at 14, 16. Nevertheless, Appellant did not raise this claim in either a post-sentence motion or his Rule 1925(b) statement. Therefore, any claim challenging the weight of the evidence is waived. **See** Pa.R.Crim.P. 607(A); **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a [Rule] 1925(b) statement will be deemed waived." (citation and quotation marks omitted)).

regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact [,] while passing upon credibility of witnesses and the weight of the evidence, is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015),

*appeal denied*, 138 A.3d 4 (Pa. 2016) (citation omitted).

The Pennsylvania Consolidated Statutes define persons not to possess

firearms, in relevant part, as follows:

**§ 6105.  Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a)  Offense defined.—**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

Instantly, at trial, both Trooper Reaghard and Trooper Sikorski testified to seeing a bulge in Appellant's waistband/shirt area as he fled the vehicle on foot. N.T., 1/9/17, at 18-19, 22. Trooper Reaghard further testified that he observed a silver and black firearm in Appellant's waistband

when Appellant climbed over a fence and fell backwards during the foot pursuit. *Id.* at 9-10, 15-16. Moreover, Trooper Sikorski testified that during the chase, he saw Appellant holding a firearm in his left hand but briefly lost sight of Appellant as they were rounding the corner of a house. *Id.* at 23. When Trooper Sikorski cleared the corner, he saw that Appellant no longer had a gun in his hand. *Id.* Additionally, the trial court concluded:

> [T]he Commonwealth established that the weapon is/was seen to be in [Appellant's] possession by both [state troopers] during the foot chase. Through the stipulation placed into the record, [Appellant] admitted that he is in the class of persons precluded by the statute from possessing or being in control of a firearm.

Trial Ct. Op. at 3. Therefore, viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence to support Appellant's conviction of persons not to possess firearms. *See Talbert*, 129 A.3d at 542. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2017

- 5 -