J-A29006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SANDRA COOPER, IN HER OWN RIGHT AND AS ADMINISTRATRIX OF THE ESTATE OF GENE M. COOPER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| BRENNTAG NORTHEAST, INC. | : | No. 1462 MDA 2019 |
| APPEAL OF: SANDRA COOPER AND GEORGE P. CHADA, ESQ. | : | |

Appeal from the Order Entered August 5, 2019
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-15-08200

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:          **FILED FEBRUARY 19, 2021**

Appellants, Sandra Cooper and George P. Chada, Esquire challenge three prior orders[1] entered in this case: Appellant Cooper challenges the Order granting Brenntag Northeast, Inc.'s Motion for Summary Judgment ("Order Granting M/SJ"); Attorney Chada challenges the Order disqualifying him as Appellant Cooper's counsel ("Disqualification Order") and the Order setting the amount of sanctions imposed against him for filing the Third Amended Complaint without a reasonable basis to support the claims alleged

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This appeal arises following entry of an Order on August 5, 2019 granting the Motion to Release Funds from the *Supersedeas* filed by Brenntag.

("Sanctions Judgment"). After careful review, we conclude that this Court lacks jurisdiction over two of Appellants' issues, Appellants have waived one of their issues, and one issue lacks a basis in fact and, therefore, warrants no relief. Accordingly, we affirm.[2]

**Order Granting Motion for Summary Judgment**

In December 2009, Appellant Cooper and her husband, Gene M. Cooper, filed a Complaint against Brenntag alleging that Brenntag manufactured and distributed a cleaning solution that harmed Mr. Cooper.[3] On April 13, 2017, Brenntag filed a Motion for Summary Judgment asserting that the statute of limitations barred the plaintiffs' claims.

On October 4, 2017, while Brenntag's Motion for Summary Judgment was pending before the court, Appellant Cooper filed, without leave of court, a Fourth Amended Complaint. On October 12, 2017, Brenntag filed Preliminary Objections to the Fourth Amended Complaint.

On October 13, 2017, the trial court granted Brenntag's Motion for Summary Judgment finding that Appellant Cooper had filed her Complaint after the statute of limitations had run. The trial court dismissed Appellant Cooper's Third Amended Complaint with Prejudice.

_____

[2] On July 30, 2020, Brenntag filed a Motion for Sanctions with this Court alleging that Appellants included material misstatements within the Brief. After extensive review of the parties' Briefs and the certified record, we deny Brenntag's Motion for Sanctions.

[3] Mr. Cooper died on February 5, 2014.

Four days later, on October 17, 2017, the court sustained Brenntag's outstanding Preliminary Objections and dismissed Appellant Cooper's Fourth Amended Complaint with prejudice. This Order disposed of all of Appellant Cooper's claims against Brenntag.

Appellant Cooper did not seek appellate review of the Order Granting M/SJ and dismissing the Third Amended Complaint with Prejudice or the Order sustaining the Preliminary Objections and dismissing the Fourth Amended Complaint with Prejudice.

**Motion for Sanctions**

Around the time that Brenntag filed its Motion for Summary Judgment, it also sought sanctions against the Coopers' attorney, Attorney Chada, claiming that Attorney Chada lacked a reasonable basis to believe that Brenntag manufactured and distributed the cleaning solution that the Coopers associated with Mr. Cooper's illness. On January 12, 2018, the trial court entered an order granting Brenntag's Motion for Sanctions ("Sanctions Order") and directed Brenntag to file a petition for costs and fees. Brenntag complied and, on March 20, 2018, the trial court awarded Brenntag $101,294.23 and entered the Sanctions Judgment against Attorney Chada individually.

On April 19, 2018, Attorney Chada filed a Notice of Appeal from the March 20, 2018 Sanctions Judgment. On June 13, 2018, this Court issued a Rule to Show Cause why Attorney Chada's appeal should not be dismissed as interlocutory, and notified Attorney Chada that his failure to respond to the

Rule to Show Cause could result in the quashal of his appeal. Attorney Chada did not respond to the Rule to Show Cause

On July 13, 2018, a breakdown in the operation of this Court occurred and this Court erroneously determined that Attorney Chada's appeal from the Sanctions Judgment was "interlocutory" and quashed the appeal. This Court did not quash the appeal because Attorney Chada had failed to respond to the Rule to Show Cause. *See Cooper v. Brenntag Northeast, Inc.*, No. 656 MDA 2018 (Order filed July 13, 2018).[4, 5]

On August 10, 2018, Attorney Chada filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court seeking review of this Court's Order quashing his appeal from the Sanctions Judgment.

### *Supersedeas* **Order**

When Attorney Chada appealed the Sanctions Judgment to this Court, the trial court directed Attorney Chada to post a bond pending appeal. Attorney Chada did not do so himself; rather his client, Appellant Cooper, remitted to the prothonotary a cashier's check for $159,528.64[6] on Attorney Chada's behalf. The court treated the cashier's check as a *supersedeas* bond.

---

[4] Attorney Chada did not request reconsideration of the Order quashing his appeal as interlocutory.

[5] In light of this breakdown, we decline to find Attorney Chada's purported appeal from the Sanctions Judgment untimely.

[6] This amount represented *supersedeas* funds to stay the enforcement of judgments against Attorney Chada for sanctions imposed against him

Once this Court quashed the appeal of the Sanctions Judgment, Brenntag, on July 25, 2018, filed a motion asking the trial court to direct the prothonotary to release the *supersedeas* funds to satisfy the Sanctions Judgment.

On December 10, 2018, and December 26, 2018, Appellant Cooper, acting *pro se*, sent letters to the trial court asking that it return the funds with interest that she had posted on behalf of Attorney Chada. The trial court treated this letter as a "Motion to Return Money Paid into Court" and on January 15, 2019, entered an Order directing Appellant Cooper to provide the court with a notarized request stating that she sought the return of $121,553.08, and indicating that she understood that, following return of the funds, Brenntag's enforcement of its judgment against Attorney Chada may resume. *See* Trial Ct. Order, 1/15/19, at 1-2.

On January 25, 2019, Appellant Cooper filed a notarized letter with the trial court retracting her request that the court return the funds to her. Appellant Cooper stated that she believed that the trial court lacked the authority to release the *supersedeas* funds while Attorney Chada's August 10, 2018 Petition for Allowance of Appeal remained pending with the Pennsylvania Supreme Court.

_____

personally in 14 cases pending his appeals. Appellant Cooper paid all of the funds even though she was a party in only one of the cases. Only $121,553.08, representing 120% of the $101,294.23 judgment awarded to Brenntag in this case, was required to stay execution of Brenntag's judgment pending Attorney Chada's prior appeal. *See* Trial Ct. Order, 1/15/19, at 1 n.2.

On January 29, 2019, Brenntag filed a Response to Appellant Cooper's letter, renewing its request that the trial court direct the prothonotary to release $101,294.23, plus interests and costs, to Brenntag immediately once the Pennsylvania Supreme Court denied Attorney Chada's Petition for Allowance of Appeal.

On February 6, 2019, the Pennsylvania Supreme Court denied Attorney Chada's Petition for Allowance of Appeal. On February 8, 2019, Brenntag again renewed its Motion to Direct Prothonotary to Release to Brenntag the funds from the *supersedeas*. Attorney Chada did not file a Response in opposition to the motion to release funds.

On April 10, 2019, Appellant Cooper filed another *pro se* letter with the trial court, this time requesting that the trial court issue a Rule upon Brenntag to show cause as to why the court should not vacate the Sanctions Order.

On July 9, 2019, the trial court issued a Rule upon Appellant Cooper to show cause why it should not grant Brenntag's Motion to release the *supersedeas* funds. Appellant Cooper filed a *pro se* Response to the Rule on July 29, 2019, arguing that release of the funds would be premature because the Superior Court had dismissed Appellant Cooper's and Attorney Chada's prior appeal as interlocutory without addressing the merits.

On August 5, 2019, the trial court granted Brenntag's Renewed Motion to Direct Prothonotary to Release Funds from the *Supersedeas* Security Funds and directed the Lancaster County prothonotary to release $101,294.23 plus

interest and costs to Brenntag.  On August 16, 2019, the trial court issued an order directing the prothonotary to close the case.

### Disqualification Order

On June 14, 2018, the trial court issued a Rule to Show Cause why Attorney Chada should not be removed as counsel for, *inter alia*, having his client, Appellant Cooper, pay the *supersedeas* bond to the trial court when it entered the Sanction Judgment against Attorney Chada individually, and for appearing to refer to one of Appellant Cooper's bank accounts as his "operating" account.  In response to the Rule, Attorney Chada filed, on July 9, 2018, a document entitled "Motion to Recuse or in the Alternative Answer in Opposition to the Rule to Show Cause as to Disqualification[.]"

On September 4, 2018, the trial court entered the Disqualification Order disqualifying Attorney Chada as counsel in this case for repeated violations of court orders and the rules of civil procedure and professional responsibility.

### Orders Raised on Appeal

Appellant Cooper and Attorney Chada filed a timely Notice of Appeal indicating that they sought to appeal from the Supersedeas Order that granted Brenntag's Motion to Direct Prothonotary to Release Funds.  However, they do not challenge this court Order in their Brief.  Rather, as noted in their Notice

of Appeal, they challenge the Order Granting M/SJ, the Disqualification Order, and the Sanctions Judgment.[7]

Both Appellants and the trial court have complied with Pa.R.A.P. 1925.

Appellants raise the following issues on appeal:

1. Did the trial court erroneously grant summary judgment in favor of [Brenntag] based upon the expiration of the statute of limitations?

2. When he imposed sanctions, did the trial judge erroneously resolve issues of fact and fail to consider the correct legal standard, *i.e.*, that sanctions may be imposed only if it is patently clear that a claim has absolutely no chance of success and the factual allegations are utterly lacking in support?

3. Did the judge erroneously deny various requests to reconsider and vacate his order imposing sanctions?

4. Did the trial judge err when he *sua sponte* disqualified Attorney Chada from [r]epresenting the Coopers?

Appellants' Brief at 6 (reordered for ease of disposition).

**Appeal of Order Granting M/SJ**

In the first issue, Appellant Cooper challenges the trial court's Order granting Brenntag's Motion for Summary Judgment and dismissing Appellant Cooper's Third Amended Complaint.

Before reaching the merits of this issue, we consider whether we have jurisdiction. An appeal may be taken as of right from any final order of a

---

[7] In their Brief to this Court, however, Appellants do not actually raise any claims pertaining to the amount of sanctions imposed on Attorney Chada in the Sanctions Judgment, and instead challenge the Sanctions Order in which the trial court found that sanctions were legally appropriate. We will, thus, only address the Sanctions Order.

court. Pa.R.A.P. 341(a). A final order is an order that disposes of all claims and of all parties or is expressly defined as a final order by rule or statute. *Id.* at 341(b). An order granting summary judgment in favor of all defendants is an appealable final order when it disposes of all claims and all parties. Thus, to be timely, an appellant must file an appeal from an order granting summary judgment within 30 days of entry of the order. *See id.* at 903(a). ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). This Court is without jurisdiction to review the merits of the issues raised in an untimely appeal. *See Young v. S.B. Conrad, Inc.*, 216 A.3d 267, 271 (Pa. Super. 2019) (citation omitted) (explaining that "an untimely appeal divests the Superior Court of jurisdiction.").

Instantly, the trial court entered the Order Granting M/SJ on October 13, 2017. Four days later, on October 17, 2017, the trial court entered an Order sustaining Brenntag's Preliminary Objections to Appellant Cooper's Fourth Amended Complaint and dismissing the Fourth Amended Complaint with prejudice. This Order was a final appealable order.

This Court's review of the record indicates that Appellant Cooper did not file an appeal challenging the Order Granting M/SJ within 30 days of the court's October 17, 2017 final Order. Instead, she waited nearly two years to challenge the Order Granting M/SJ. Accordingly, Appellant Cooper's appeal from the Order Granting M/SJ in Brenntag's favor and dismissing her Third Amended Complaint is untimely and we lack jurisdiction to consider it.

**Appeal of Sanctions Order**

In the second issue, only Attorney Chada challenges the trial court's Sanctions Order granting Brenntag's Motion for Sanctions.[8]  In particular, Appellant Chada claims that the trial court: (1) applied the incorrect legal standard when ruling on Brenntag's Motion; and (2) erred in awarding Brenntag attorney's fees.  Appellants' Brief at 26-46.

It is well-settled that issues not raised in a court-ordered Rule 1925(b) Statement are waived.  ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005).  ***See also*** Pa.R.A.P. 1925(b)(4)(ii) (providing that the Statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge.").

This Court's review of Appellants' October 10, 2019 Rule 1925(b) Statement reveals that Attorney Chada did not identify the trial court's Sanctions Order granting Brenntag's request for sanctions as a ruling he intended to challenge on appeal.  ***See*** Pa.A.P. 1925(b) Statement, 10/1/19 (where Attorney Chada did not assert any claims of error arising from the Sanctions Order).[9]  Therefore, Attorney Chada has waived this claim.

---

[8] We observe that Attorney Chada failed to include the January 12, 2018 Order in the Notice of Appeal as one of the orders he intended to challenge on appeal.

[9] In their Rule 1925(b) Statement, Appellants only refer to the imposition of sanctions within the context of their allegation that the trial court erred in denying Appellant Cooper's requests for reconsideration of the Sanctions Order.  We have addressed this issue, *infra*.

In the third issue, Attorney Chada claims that the trial court erred by refusing Appellant Cooper's several requests that the court reconsider and vacate the Sanctions Order entered against Attorney Chada individually. Appellants' Brief at 46-51. Attorney Chada mischaracterizes Appellant Cooper's *pro se* communications with the trial court as requests for reconsideration and to vacate the Sanctions Order. Since Appellant Cooper never filed such requests, Appellant Chada's challenge is baseless and warrants no relief.

The trial court addressed this issue in its Rule 1925(a) Opinion as follows:

> What [Attorney Chada] refer[s] to as "motions for reconsideration" are the letters to the court filed *pro se* by [Appellant] Cooper on December 10, 2018, [December 26, 2018,] and April 10, 2019, and [Appellant] Cooper's July 29, 2019[] answer to the rule to show cause why the supersedeas funds should not be released. None of these three documents was a motion for reconsideration. These letters do not attach a proposed form of order or brief as required by the Local Rules for motions, nor do they even request a reconsideration of the order imposing sanctions against Attorney Chada. Instead, they argue that the affirmation of the Workers' Compensation Appeals Board's decision proves that Mr. Cooper has been exposed to TCE. [Appellant] Cooper's arguments fail to address the basis for imposing the sanctions, which were based on the court's finding from the evidence presented at the sanctions hearing the Attorney Chada lacked a reasonable basis to support the assertion that Brenntag manufactured or distributed a product [] that injured [Mr. Cooper] on September 25, 2003.

Trial Ct. Op., 11/1/19, at 12-13 (footnote and citation omitted).

We agree with the trial court that Appellant Cooper's *pro se* letters to the court were not motions for reconsideration of its Sanctions Order. Rather,

her first two letters were requests to the court to release the *supersedeas* funds to Appellant Cooper. **See** Letters dated 12/10/18 and 12/26/18, R.R. at 2352a, 2353a. Appellant Cooper's April 10, 2019 letter requested that the court issue a rule upon Brenntag as to why the court should not vacate the Sanctions Order. **See** Letter, 4/10/19, R.R. at 2426a. Further, her July 29, 2019 *pro se* response to the trial court's July 9, 2018 Rule to Show Cause was merely a request that the appeal bond remain in effect pending appellate disposition of the merits of Attorney Chada's appeal. **See** Response, 7/29/19, R.R. at 2438a. Accordingly, the trial court did not have any motions for reconsideration before it. Attorney Chada's claim is without factual support and is meritless.

## **Appeal of Disqualification Order**

In the final issue, Attorney Chada claims that the court erred in entering the Disqualification Order disqualifying him as Appellant Cooper's counsel. Appellants' Brief at 51-56. In particular, Attorney Chada asserts that the trial court improperly relied on the Pennsylvania Rules of Professional Conduct as a basis for disqualifying him.[10]

---

[10] To the extent that Attorney Chada also argues that the trial court erred in denying Attorney Chada's Motion to Recuse, **see** Appellants' Brief at 56, we find that argument waived as it was not "fairly suggested" by Attorney Chada's Question Presented. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); **US Coal Corp. v. Dinning**, 222 A.3d 431, 440 (explaining that an argument that does not correspond to any of an appellant's questions presented in violation of Pa.R.A.P. 2116(a) is waived).

Before we reach the merits of this claim, we consider whether Attorney Chada has timely raised it. The record reflects that, as Attorney Chada notes, the trial court disqualified Attorney Chada on September 4, 2018, during the pendency of his Petition for Allowance of Appeal in our Supreme Court. In seeking review from the Supreme Court, Appellant Chada challenged the trial court's March 20, 2018 Sanctions Judgment, which set the amount of sanctions imposed on him after the trial court determination that he lacked a reasonable basis for the claims he asserted in Appellant Cooper's Complaint and Amended Complaints. In contrast, the trial court based its Disqualification Order on Attorney Chada's conduct in this and numerous other cases. That conduct was unrelated to the conduct that gave rise to the Sanctions Judgment. The trial court specifically disqualified Attorney Chada based on, among other things, Appellant Cooper posting the *supersedeas* bond on Attorney Chada's behalf.

Generally, the filing of an appeal divests the trial court of jurisdiction to "proceed further in the matter." Pa.R.A.P. 1701(a). A trial court may, however, "take other action . . . ancillary to the appeal[.]" ***Id.*** at 1701(b)(1). An order ancillary to the merits appeal is a final order that is appealable as of right. ***PPM Atlantic Renewable v. Fayette County Zoning Hearing Bd.***, 81 A.3d 896, 898 (Pa. 2013).

Instantly, the Disqualification Order disqualifying Attorney Chada as counsel based on, *inter alia*, his client Appellant Cooper posting a *supersedeas* bond on his behalf, was ancillary to the merits appeal of the order sanctioning

- 13 -

him for his lack of a reasonable basis in filing the Complaints. Accordingly, the Disqualification Order was final and appealable at the time the court entered it. Attorney Chada's appeal from the Disqualification Order, filed one year later, is patently untimely. We are, therefore, without jurisdiction to address it.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/19/2021