J-S34018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: C.G.W., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: L.S., FATHER | No. 3636 EDA 2016 |

Appeal from the Order Dated October 28, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-AP-0000598-2016

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED JUNE 27, 2017**

L.S. ("Father") appeals from the October 28, 2016 order that

involuntarily terminated his parental rights to his minor daughter, C.G.W.

("Child").  Upon careful review, we affirm.

> On April 7, 2015, the Department of Human Services [("DHS")]
> received a Child Protective Services Report ("CPS") alleging that
> Child was being sexually abused by . . . the Child's mother
> ("Mother") and paramour.  Father had never lived with Mother
> and Child and there were no allegations that Father was
> responsible for any abuse.  Father's only contact with Child was
> that he was named as the Child's father on Child's birth
> certificate.  Father had a history of severe mental illness and had
> lived since 2005 at an assisted living center.  On April 7, 2015,
> DHS obtained an Order of Protective Custody ("OPC") for Child
> and Child was placed in foster care through the Juvenile Justice
> Center ("JJC").   On May 8, 2015, Child was adjudicated
> dependent by the Honorable Jonathan Irvine.  On October 25,
> 2015, [the Community Umbrella Agency ("CUA"), Turning Points

---

[*] Retired Senior Judge assigned to the Superior Court.

for Children ("TPFC"),] held a revised Single Case Plan ("SCP") [meeting,] and Father's objective was that he make his whereabouts known to CUA. On May 16, 2016, CUA held a revised SCP meeting and Father's goals remained unchanged. On June 7, 2016, Father attended a permanency review hearing during which Child was ordered to remain [dependent]. Since the inception of the matter Father failed to cooperate with CUA/DHS as to notification of his whereabouts. On May 12, 2016, Mother signed an agreement to voluntarily relinquish her rights to [the] Child. On September 22, 2016, DHS filed the underlying Petition to Terminate Father's Parental Rights to [the] Child.

Trial Ct. Op., 2/15/17, at 2.

"On October 28, 2016, the [trial c]ourt held a hearing on the Petition to Terminate the Parental Rights . . . Father was present at the hearing and represented by counsel." Trial Ct. Op. at 1. During the hearing, DHS presented testimony that Father had not completed domestic violence counseling and mental health treatment. N.T., 10/28/16, at 14. Father had also failed to provide DHS or the CUA with proof of his residence.

"After a full hearing on the merits, the [trial c]ourt found clear and convincing evidence to involuntarily terminate the parental rights of Father[.]" Trial Ct. Op. at 1. The decree of involuntary termination of parental rights, at 2, also allowed "[t]he adoption of the [Child to] continue without further notice to or consent of [Father]" and authorized DHS "to give consent to the adoption of [the Child]."

On November 28, 2016, Father, *pro se,* filed a notice of appeal, even though he was still represented by counsel. Father did not file and serve a concise statement of errors complained of on appeal with the notice of

- 2 -

appeal. *See* Pa.R.A.P. 1925(a)(2)(i). On December 5, 2016, this Court ordered Father to file a statement of errors by December 15, 2016. On December 14, 2016, Father's counsel sent a letter to this Court, stating that she had been having difficulty contacting and communicating with Father, due to his mental health issues and illiteracy; she requested leniency as to deadlines. On December 20, 2016, this Court remanded this action to the trial court for thirty days to determine whether Father remained represented by counsel and whether any additional action was required to protect Father's appellate rights.

On January 19, 2016, Father's same counsel filed the following statement of errors:

> The [trial c]ourt erred in rejecting the Findings of Fact and Conclusions of Law proposed by [Father] after the hearing in these proceedings. [DHS] did not meet their burden by clear and convincing evidence that [Father]'s rights should be terminated[. Father] was compliant with the objectives stated in court orders and began visiting [the Child] as soon as he was able.
>
> In addition, the [trial c]ourt erred in finding that [DHS] exercised reasonable efforts to provide notice to [Father] and include him in [the Child]'s case plan. [Father] has resided at [the Community Organization for Mental Health and Retardation ("COMHAR")] since 2003. Neither the facility nor [Father]'s worker were contacted in attempt to reach him.

Father's brief raises the following issues for our review:

> 1. Whether the [t]rial [c]ourt erred by terminating the parental rights of [Father] under 23 Pa.C.S.A. § 2511(a)(1)[.]
>
> 2. Whether the [t]rial [c]ourt erred by terminating the parental rights of [Father] under 23 Pa.C.S.A. § 2511(a)(2)[.]

- 3 -

3. Whether the [t]rial [c]ourt erred by finding, under 23 Pa.C.S.A. §2511(b), that termination of [Father]'s parental rights best serves the [C]hild's developmental, physical and emotional needs and welfare[.]

4. Whether DHS failed to use reasonable efforts to reunite the [C]hild with [F]ather.

Father's Brief at 4.

Preliminarily, we note that Father did not include any challenge to DHS's reunification efforts in his statement of errors complained of on appeal. An issue that is not included in a Rule 1925(b) statement cannot be raised for the first time on an appeal to this Court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."), 1925(b); ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived"). Hence, we may not address his fourth issue.[1]

_____

[1] The claim in Father's statement of errors that "the [trial c]ourt erred in finding that [DHS] exercised reasonable efforts to provide notice to [Father] and include him in [the Child]'s case plan" was not included among the issues in his brief to this Court. *See* Father's Brief at 4. Even if we construe that complaint to overlap with (and therefore prevent waiver of) the reunification issue set forth in Father's brief, Father still would not be entitled to relief. CUA contacted Father in August 2015 and informed him that the Child was in foster care. N.T., 10/28/16, at 24-25. However, Father did not request any visitation with the Child. ***Id.*** at 25. In May 2016, CUA sent Father a letter explaining that his parental rights may be terminated. ***Id.*** at 26. "[P]rior to that time, [Father] confirmed that he had been receiving correspondence." ***Id.*** at 26. Only after receiving the notice about the potential termination of his parental rights did Father ask CUA for contact with the Child. ***Id.*** Father presented no evidence contradicting this history. Thus, Father is not entitled to relief on his claim that reasonable

*(Footnote Continued Next Page)*

We consider Father's remaining issues in light of our well-settled standard of review.

> The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations, brackets, and quotation marks omitted).

We summarize all of Father's arguments together. Father contends that the evidence was insufficient for subsections (a)(1), (a)(2), and (b). Father's Brief at 12. Father argues that he "did not neglect, abuse, or reject his child, and there is insufficient evidence to show that he lacked the capacity to parent" the Child. *Id.* at 14. He refers to testimony that he was "moderately compliant" with the goals set forth by DHS and there was no court order obligating him to comply with those goals. *Id.* at 13. Father asserts he met with the Child at least "75% of the time" and should not be

---

*(Footnote Continued)*

efforts were not made to contact and include him. Father's challenge to DHS's reunification efforts fails because reasonable efforts at reunification are not required to support the grant of a petition for termination of parental rights. *In re D.C.D.*, 105 A.3d 662, 673-74 (Pa. 2014) (citing 42 Pa.C.S. § 6351(f)); *In re J.J.L.*, 150 A.3d 475, 482-83 (Pa. Super. 2016).

faulted for not completing his parenting classes. *Id.* at 13-14. Father also asserts that the trial court "erred by finding, under 23 Pa.C.S.A. § 2511(b), that termination of [his] parental rights best serves the development of the [C]hild's physical and emotional needs and welfare." *Id.* at 14. Specifically, he maintains that he was given insufficient time to form a parental bond with the Child, and thus his rights were prematurely terminated. *Id.*

Termination of parental rights is governed by Section 2511 of the Adoption Act, 23 Pa.C.S. §§ 2101–2938, which requires a bifurcated analysis.

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted). The burden is on the petitioner seeking termination to prove by clear and convincing evidence that the asserted statutory grounds for seeking the termination of parental rights are met. *In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009). We will affirm if we agree with the trial court's decision as to any one subsection of 23 Pa.C.S. § 2511(a), and its decision as to

Section 2511(b). *In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super.) (*en banc*),

*appeal denied*, 863 A.2d 1141 (Pa. 2004); *see In re N.A.M.*, 33 A.3d 95,

100 (Pa. Super. 2011).

Here, we affirm the trial court's decision to terminate Father's parental

rights under subsections 2511(a)(2) and (b), which provide:

> **(a) General rule.—**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds: . . .
>
> > (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.
>
> > \*    \*    \*
>
> **(b) Other considerations.—**The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent.

23 Pa.C.S. § 2511(a)(2), (b).[2]

After careful review of the record, the parties' briefs, and the trial

court's decision, we affirm on the basis of the trial court opinion by the

Honorable Vincent Furlong. *See* Trial Ct. Op. at 3-6 (holding that: (1) the

---

[2] Father also challenges the sufficiency of evidence with respect to termination under Section 2511(a)(1). Because we affirm the trial court's decision under subsection (a)(2), we need not address his other subsection (a) arguments. *See B.L.W.*, 843 A.2d at 384.

- 7 -

record demonstrates Father's ongoing unwillingness to provide care or control for the Child or to perform any parental duties and his failure to remedy the conditions that brought the Child into care; (2) Father's unwillingness to cooperate with social services as to mental health and other counselling, as well as his housing in an assisted living program for people with mental illness, demonstrated Father's inability, due to his lifelong mental illness, to remedy the conditions that led to the Child being adjudicated dependent on May 8, 2015; and (3) the testimony of the DHS witness was credible that there was no bond between the Child and Father, so terminating Father's parental rights would not cause the Child irreparable harm). Because we discern no abuse of discretion or error of law, we affirm the order below. *See T.S.M.*, 71 A.3d at 267. The parties are instructed to include the attached trial court decision in any filings referencing this Court's decision.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/27/2017</u>

THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA, PHILADELPHIA COUNTY

IN THE COURT OF COMMON PLEAS

| | | |
|---|---|---|
| IN THE INTEREST OF: | : | |
| C.G.W., A Minor | : | **FAMILY COURT DIVISION** |
| | : | **CP-51-AP-0000598-2016** |
| | : | **CP-51-DP-0000889-2015** |
| | : | **FID-51-FN-4336745-2009** |
| | : | **3636 EDA 2016** |
| | : | |
| **APPEAL OF:** | : | |
| **L.S., Father** | : | |

## OPINION

### PROCEDURAL HISTORY

On October 28, 2016, the Court held a hearing on the Petition to Terminate the Parental Rights of the Appellant L.S., the biological father ("Father"), of C.G.W. age nine ("Child"). Father was present at the hearing and represented by counsel. After a full hearing on the merits, the Court found clear and convincing evidence to involuntarily terminate the parental rights of Father to Child pursuant to 23 Pa. C.S.A. 2511(a)(1) and (2) and 23 Pa. C.S.A. 2511(b).

### STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Father's Statement of Matters Complained of on Appeal is set forth in verbatim as follows:

1. The Court erred in rejecting the Findings of Fact and Conclusions of Law proposed by appellant after the hearing in these proceedings. The Department of human Services did not met their burden by clear and convincing evidence that appellant's rights should be terminated Appellant was complaint with the objectives stated in court orders and began visiting C.G.W. as soon as he was able.

2. In addition, the Court erred in finding that The Department of Human Services exercised reasonable efforts to provide notice to Appellant L.S. and include him in C.G.W.'s case plan. L.S. has resided at COMHAR

since 2003. Neither the facility nor L.S's worker were contacted in attempt to reach him.

## FINDINGS OF FACT

On April 7, 2015, the Department of Human Services received a Child Protective Services Report ("CPS") alleging that Child was being sexually abused by the Child's mother ("Mother") and paramour. Father had never lived with Mother and Child and there were no allegations that Father was responsible for any abuse. Father's only contact with Child was that he was named as the Child's father on Child's birth certificate. Father had a history of severe mental illness and had lived since 2005 at an assisted living center. On April 7, 2015, DHS obtained an Order of Protective Custody ("OPC") for Child and Child was placed in foster care through the Juvenile Justice Center ("JJC"). On May 8, 2015, Child was adjudicated dependent by the Honorable Jonathan Irvine. On October 25, 2015, CUA/TPFC held a revised Single Case Plan ("SCP") and Father's objective was that he make his whereabouts known to CUA. On May 16, 2016, CUA held a revised SCP meeting and Father's goals remained unchanged. On June 7, 2016, Father attended a permanency review hearing during which Child was ordered to remain committed. Since the inception of the matter Father failed to cooperate with CUA/DHS as to notification of his whereabouts. On May 12, 2016, Mother signed an agreement to voluntarily relinquish her rights to Child. On September 22, 2016, DHS filed the underlying Petition to Terminate Father's Parental Rights to Child. On October 28, 2016, this Court ruled to terminate the Father's parental rights to Child pursuant to 23 Pa.C.S. 2511(a)1 and (2) and that the termination of Father's parental rights to Child was in the Child's best interests pursuant to 23 Pa. C.S.A.

2511(b). (Statement of Facts: Petition to Terminate Parental Rights RE: C.G.W.).

Thereafter, Father filed a Notice of Appeal on November 28, 2016 but did not file a Statement of Errors until on or about February 2, 2017.

## LEGAL ANALYSIS

In articulating the appellate standard of review of a termination of parental rights the Superior Court has stated:

We are bound by the findings of the trial court, which have adequate support in the record so long as the findings do not evidence a capricious disregard for competent and credible evidence. *In re Diaz*, 447 Pa. Super. 327, 669 A. 2d 372 (Pa. Super. 1995). Furthermore, we note that the trial court, as the finder of fact, is the sole determiner of the credibility of the witnesses and all conflicts in testimony are to be resolved by the finder of fact. In re B.G.S., 418 Pa. Super. 588, 614 A.2d 1161 (Pa. Super. 1992).

*In re Adoption of A.C.H.*, 2002 Pa. Super 218, P4; 803 A.2d 224, 228 (2002)

When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. *See In re K.C.W.*, 456 Pa. Super. 1, 689 A.2d 294, 298 (1997). Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. *Id.* Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that we would give a jury verdict. *See In re Child M.,* 452 Pa.Super. 230, 681 A.2d 793, 800 (1996). We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence. *See In re Matsock,* 416 Pa. Super. 520, 611 A.2d 737, 742 (1992). *In re C.S.,* 2000 PA Super 318, 761 A. 2d 1197, 1199 (Pa. Super. 2000). It is clear that in a termination proceeding, the focus is on the conduct of the parents. *In the Interest of A.L.D.,* 2002 PA Super 104, 797 A. 2d 326 (Pa.Super.2002). *In the Interest of M.D., 449 Pa. Super. 507, 674A.2d 702 (Pa.Super.2002).*

*In the Matter of B.L.W.*, 2004 Pa. Super 30, P9; 843 A.2d 380, 383 (2004)

The Child was adjudicated dependent on May 8, 2015. The record demonstrates Father's ongoing unwillingness to provide care or control for the Child or to perform any parental duties and his failure to remedy the

conditions that brought the Child into care. The documents and testimony discussed below provided the Court with clear and convincing evidence that termination of Father's parental rights would be in the best interests of the Child. This Court found clear and convincing evidence to terminate Father's parental rights pursuant to 23 Pa. C.S.A. §§2511(a) (1) and (2)[1] and 23 Pa.C.S.A. § 2511(b)[2]. On May 25, 2015, CUA held a SCP meeting. The objectives identified for Father were: (1) to make his whereabouts known to CUA. The CUA Representative testified that he had communicated these objectives to Father. (N.T. October 28, 2016 p. 24 lines 1-25). The CUA Representative testified that prior to August 2015, Father had no involvement in Child's life. The CUA Representative testified that prior to August 2015, Father had never visited Child and that Father never attempted to perform a single parental duty. (N.T. October 28, 2016, page 25, lines 1-25). The CUA Representative testified that Father failed to achieve his SCP objectives and

---

[1] (a) General rule.--The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

(1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

(2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

[2] (b) Other considerations.--The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

that Father lived in an assisted living program for people with mental illness, which was not an appropriate housing arrangement for Child since children are prohibited from living at the facility. (N.T. October 28, 2016 Page 50, lines 4-6). The CUA Representative testified that Father was schizophrenic and that he intended to live in assisted living for the rest of his life (N.T. October 28, 2016, Page 27 lines 1-25). The CUA Representative testified that Father had received correspondence from CUA about the instant matter in May 2016. (N.T. October 28, 2016, Page 26, lines 1-25). Based upon this testimony elicited at the Termination Hearing as well as the documents in evidence, this Court found clear and convincing evidence to terminate Father's parental rights pursuant to 23 Pa.C.S.A. §§ 2511(a)(1) and (2) as Father had failed to remedy the conditions that brought Child into care. Based upon his unwillingness to cooperate with social services as to drug counseling, mental health counselling and the additional factor of inadequate housing demonstrated the Father's inability or refusal to remedy the conditions that led to the Child being adjudicated dependent in 2015.

The Court further found there was no strong bond between Father and Child so terminating the Father's parental rights would not cause the Child irreparable harm and would be in the best interests of the Child pursuant to 23 Pa. C.S.A. §2511(b). The CUA Representative testified that Father and Child were not bonded. (N.T. October 28, 2016, Page 29, Lines 1-25). The CUA Representative testified that it was in the best interests of Child for parental rights be terminated because Father was not capable of making decisions; his mental health and housing status

and the Father could not provide stabilization for Child. (N.T. October 28, 2016, Page 31, Lines 1-25). The testimony of the CUA Representative was deemed to be credible and accorded great weight. As the testimony before the Court on October 28, 2016 indicated, the evidence was clear and convincing that Father did and could not remedy the conditions that caused her Child to come into care and that Father continued to be unable to provide care for Child, warranting the involuntary termination of Father's parental rights pursuant to 23 Pa. C.S. §§2511(a)(1)and(2). The Court further concluded that the termination of the Father's parental rights would be in the best interest of the Children pursuant to 23 Pa. C.S.A. 2511(b).

## CONCLUSION

This Court, after careful review of the findings of fact and the testimony presented during the Termination Hearing on October 28, 2016, found by clear and convincing evidence to terminate Father's parental rights pursuant to 23 Pa. C.S. 2511(a)(1)and(2). This Court further found pursuant to 23 Pa. C.S. 2511(b), that the termination of the Father's parental rights would not have a detrimental effect on the Child and would be in the Child's best interest. For the foregoing reasons, this Court respectfully requests that the October 28, 2016 Order terminating Father's parental rights to the Child be **AFFIRMED.**

**BY THE COURT**

Date: 2-15-17

Vincent Furlong, J.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above-captioned Opinion was filed on the undersigned date in the Court of Common Pleas of Philadelphia County Family Court Division and served by first class mail upon the following:

Michael Joyce, Esquire
Assistant City Solicitor
Philadelphia Law Department
One Parkway
1515 Arch Street-16th Floor
Philadelphia, PA 19102

Lindsay M. Palmer, Esquire
1701 Walnut Street-7th Floor
Philadelphia, PA 19102

James W. Martin, Esquire
1800 JFK Blvd-Suite 380
Philadelphia, PA 19103

Frank P. Cervone, Esquire
Support Center for Child Advocates
1617 JFK Blvd-Suite 1200
Philadelphia, PA 19103

Date: 2-15-17

Vincent Furlong, J.