J-S74043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| IVAN PONZO | |
| Appellant | No. 680 EDA 2016 |

Appeal from the Judgment of Sentence February 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008068-2014, MC-51-CR-0021441-2014

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 18, 2018**

Appellant, Ivan Ponzo, appeals from the judgment of sentence of nine to twenty-three months of incarceration with immediate parole to house arrest, followed by three years of probation, imposed February 8, 2016, following a bench trial resulting in his conviction for possession with intent to deliver and simple possession.[1]  We affirm.

In November 2014, Appellant litigated a motion to suppress drugs found following the search of his vehicle.  *See* Notes of Testimony (N.T.), 11/7/14, at 1-15.

At the suppression hearing, Police Officer Greg Stevens testified that on June 10, June 13, June 24, and June 26, 2014, he was conducting a narcotics

---

[1] *See* 35 P.S. §§ 780-113(a)(30), (32), respectively.

investigation in the area of 3800 Fairmount Avenue in the City and County of Philadelphia, Pennsylvania. *See* N.T. at 5-8. Officer Stevens conducted controlled buys of crack cocaine from 3858 Fairmount Avenue. *Id.* During the June 10, 13, and 24, 2014 buys, Officer Stevens did not see or buy narcotics from Appellant. *Id.* at 7-8.

On June 26, 2014, at approximately 11:30 a.m., Officer Stevens observed Appellant park a gold Buick in front of 3858 Fairmount Avenue. *Id.* at 8-9, 11. Appellant walked into the house without using a key or knocking. *Id.* After observing the main target of the investigation walk out onto the porch,[2] Officer Stevens called the Narcotics Field Unit to execute a search warrant for 3858 Fairmount Avenue. *Id.* at 9. Upon entering the home, police found Appellant sitting at a table in the living room. *Id.* at 10. There was marijuana in plain view on the table and a clear plastic bag containing six smaller zip lock packets of crack cocaine. *Id.* at 10-11.

Officers searched Appellant's person[3] and recovered $1,214.00 in cash and a car key. *Id.* at 11. The key matched the gold Buick parked outside. *Id.* Officer Stevens opened the driver's door, and in the slot of the door, Officer Stevens recovered two clear plastic bags, containing one hundred packets of crack cocaine. *Id.* at 11-12. Additionally, Officer Stevens

---

[2] This man was later identified at trial as Ronald Crisdon. *See* N.T., 11/3/15, at 15. The investigative report identifies him as Ronald Crisden. *See* Motion to Suppress, 9/2/14, at Exhibit A.

[3] The police investigation report indicates that Appellant was arrested prior to being searched. *See* Motion to Suppress, 9/2/14, at Exhibit A.

recovered registration and an insurance card to the vehicle in Appellant's name. *Id.* at 12. Officer Stevens testified that in his personal experience, the denominations of bills recovered from Appellant, and Appellant pulling up to the house and going inside without knocking, were indicative of 1) a narcotics operation and 2) Appellant being a supplier for that operation. *Id.* at 13-14.

At the conclusion of the hearing the suppression court denied the motion. *Id.* at 15. The matter then proceeded to a bench trial, where Appellant was convicted of the above offenses.[4] *Id.* at 30-31. On February 8, 2016, Appellant was sentenced to nine to twenty-three months in custody with immediate parole to house arrest.[5] *See* Sentencing Order, 2/8/1, at 1.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a responsive opinion but noted that it could not address the issue Appellant raised as another judge heard the suppression motion. *See* Trial Court Opinion (TCO), 8/23/16, at 1-3. However, the trial court still concluded that

---

[4] Following the litigation of the suppression motion, the matter was reassigned to another judge of the Court of Common Pleas of Philadelphia County.

[5] The notes of testimony from the sentencing do not appear in the certified record. However, as Appellant does not raise an issue regarding the sentencing hearing, they are unnecessary for our review. Additionally, Appellant's sentence was modified on February 29, 2016, following the filing of his notice of appeal. However, the modification was solely to the terms of his house arrest, and did not substantively change his sentence. *See* Amended Sentencing Order, 2/29/16, at 1.

as presented to the court, the officers had reasonable suspicion and probable cause to search. *Id.* at 3-4.

On appeal, Appellant raises a single issue for our review:

> Whether the trial court erred when it denied Appellant's motion to suppress the search of Appellant's vehicle; as there was no reason to search the vehicle absent consent or a search warrant and probable cause was not established.

Appellant's Brief at vi.

Appellant argues that the suppression court erred because the police did not have probable cause to search him or his vehicle. *See* Appellant's Brief at 1. Appellant contends that probable cause did not exist and no exception exists to cure the default. *Id.* Specifically, Appellant contends that the officer did not observe him sell or deal drugs, only park his car in front of a house in which drugs were later discovered. *Id.* Appellant avers that other people in the house were deemed not to be involved in drug activity. *Id.*

With regard to a motion to suppress,

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. ... [W]e must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Those properly supported facts are binding upon us and we may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Dixon*, 997 A.2d 368, 372 (Pa. Super. 2010) (internal citations and quotations omitted).

Initially, we note that Appellant's 1925(b) statement challenges the sufficiency of the evidence and the denial of the motion to suppress "as there was no reason to search the vehicle absent a search warrant as probable cause was not established." Appellant does not challenge the probable cause to arrest or search his person inside the home, and has accordingly waived this issue for purposes of appeal. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provision of this paragraph (b)(4) are waived.").

Appellant was subjected to a warrantless arrest, which must be supported by probable cause. **See Commonwealth v. Collins**, 950 A.2d 1041, 1046 (Pa. Super. 2008). Probable cause may be made out when the facts and circumstances "which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." **Commonwealth v. Thompson**, 985 A.2d 928, 931 (Pa. 2009). We apply a totality of the circumstances test in determining whether probable cause exists. **Id.** Further, where a search is made incident to arrest, officers may search both the person arrested and the area within his immediate control. **See Commonwealth v. Simonson**, 148 A.3d 792, 799 (Pa. Super. 2016).

Absent waiver, the totality of the circumstances supports the contention that officers did possess probable cause to arrest Appellant. Officers obtained

a search warrant for a house used in drug sales, at which they had made controlled buys. Officers observed Appellant enter the home without knocking. Upon executing the warrant, officers found Appellant sitting in the living room with the main target of the investigation and marijuana and crack cocaine on the table in front of them. Accordingly, the facts were sufficient for officers to believe Appellant had committed or was committing a crime. *See Thompson*, 985 A.2d at 931.

With regard to the search of a vehicle, police may search a vehicle without a warrant so long as they have probable cause to believe it contains contraband or evidence of a crime. *See Commonwealth v. Gary*, 91 A.3d 102, 104 (Pa. 2014) (*plurality*); *see also Commonwealth v. Runyan*, 160 A.3d 831, 838 (Pa. Super. 2017). If police have probable cause to search a vehicle, they may also search any containers found therein where the contraband may be contained. *See Runyan*, 160 A.3d at 837.

Here, the suppression court made the following findings of fact and conclusions of law:

> I find the police officer creditable. [*sic*] I believe every single word he testified to. I doubt the DA's argument. There was probable cause. There was linkage. They'd been watching this house. He had a right to investigate because this car came in, they went in. I find that he had probable cause. He had articable [*sic*] situation [*sic*], he could do those things that he did. Motion to suppression denied.

*See* N.T., 11/7/14, at 24-25.[6] The suppression court did not make further findings of fact or submit a Pa.R.A.P. 1925(a) opinion in support of its decision. Accordingly, we must determine whether these findings are supported by the record and the legal conclusions correct. *See Dixon*, 997 A.2d at 372.

Here, Appellant was arrested following the execution of a search warrant for the premises of 3858 Fairmount Avenue. Appellant does not challenge the validity of the warrant. *See* Appellant's Brief at 1. Nor has he preserved a challenge to the probable cause of officers to arrest and search him incident to arrest. Thus, the only challenge he has preserved is to the search of the vehicle itself, which, as officers had probable cause to arrest Appellant and to believe that the vehicle contained contraband, cannot be successful.

Here, as noted *supra*, officers made controlled buys at the house in question, obtained a valid search warrant, observed Appellant enter the drug house after exiting the subject vehicle and found him inside of the house in the presence of the main target of their investigation, with drugs in plain view. Additionally, upon searching Appellant incident to his arrest, police found him to be in possession of a large quantity of cash in small denominations, which was further indicative of his involvement in a narcotics investigation. Accordingly, the search of the car was also supported by probable cause. *See Runyan*, 160 A.3d at 837-38.

---

[6] It is unclear from the record what the suppression court "doubted" about the Commonwealth's argument, or whether this was a mistake in the transcription. *See* N.T., 11/7/14, at 23-25.

Accordingly, the suppression court did not err in denying his motion to suppress.  ***See Dixon***, 997 A.2d at 372.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/18