J-S82018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REGINALD GREEN, | : | |
| | : | |
| Appellant | : | No. 62 EDA 2018 |

Appeal from the Judgment of Sentence November 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003325-2015

BEFORE: LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 25, 2019**

Appellant, Reginald Green, appeals from the judgment of sentence entered on November 17, 2017 in the Criminal Division of the Court of Common Pleas of Philadelphia County. We affirm.

The trial court summarized the historical and procedural facts of this case as follows.

> [Appellant] was charged with [robbery-inflict serious bodily injury (18 Pa.C.S.A. § 3701(a)(1)(i), criminal attempt-rape forcible compulsion (18 Pa.C.S.A. §§ 901 and 3121(a)(a)(1)), and aggravated assault (18 Pa.C.S.A. § 2701(a)(1))], following his February 9, 2015 violent sexual assault on [Complainant].
>
> On January 10, 2017, following a week of trial and deliberation, a mistrial was granted due to a hung jury of eleven (11) to one (1) for conviction. On May 1, 2017, prior to being retried, Appellant entered into an open guilty plea to [r]obbery, [a]ttempted [r]ape, and [a]ggravated [a]ssault.[]  Appellant was sentenced on November 17, 2017 to a[n] aggregate sentence of twenty-five (25) to fifty (50) years of incarceration:  five (5) to ten (10) years for the [r]obbery, ten (10) to twenty (20) years for [a]ttempted

_____

* Retired Senior Judge assigned to the Superior Court.

[r]ape and ten (10) to twenty (20) years for [a]ggravated [a]ssault. On November 27, 2017, Appellant filed a [p]ost[-s]entence [m]otion for [a]rrest of [j]udgment and [r]econsideration of [s]entence which was denied by th[e] trial court by [o]rder dated November 30, 2017[.]

\*\*\*

Appellant admitted [the following facts as part of his guilty plea]:

On February 9, 2015, [Complainant, who] was 27 years-old at the time, met [Appellant] on Broad Street and asked him for directions on how to get to the [elevated train. Appellant led C]omplainant down to the area of Jefferson Station between Tracks 1 and 2 to the secluded track area. When he was down there, [Appellant] began to punch and kick [Complainant], knocking her to the ground, and continued to punch and kick her to the point where she [sustained] lacerations on her face which required stitches later at the hospital. [Appellant also attempted] forcible intercourse with [Complainant] by exposing his penis and [removing] her underwear. At some point[, Complainant] lost consciousness. She was taken to Jefferson Hospital and [later] taken to the Special Victims Unit[, where a rape kit was obtained] at the Sexual Assault Response Center. [Appellant] also gave a statement to detectives at the Special Victims Unit[,] admitting to having sexual and physical contact with [Complainant] on that day. Also during the incident, [Appellant], in the course of committing the attempted rape and aggravated assault, forcibly took [Complainant's Galaxy cellular telephone, which] he did not have permission to do[.]

At sentencing, the Commonwealth presented testimony [not only from Complainant but also from two prior bad acts witnesses, whom we shall refer to as B.T. and C.J.]

[B.T.] testified that, on March 22, 2010, she was waiting for a commuter train on her way to work when [Appellant] approached her and asked her for change for 15 cents. [B.T.] told him several times, "Get out of my face," and when he did not, she pulled out her pepper spray. [Appellant] said, "Oh, pepper spray," and walked off. When [B.T.] got off the train, [Appellant] pushed her from behind and said, "Remember me?" He hit her multiple times on her upper body and pushed her to the ground. Due to the injuries from the incident, [B.T.] missed three weeks of work.

- 2 -

[C.J.] testified [that, on April 18, 2013 at approximately 2:00 p.m.], she was on [a commuter train] going home. [Appellant] got on the train, which was nearly empty, and sat next to [C.J.] with a can of beer. He stared at her and tried to talk to her, which made her feel "really uncomfortable." When [C.J.] got to her stop, she asked [Appellant] to move so that she could get out of [her] seat. After she asked him multiple times, [Appellant] hesitated and finally stood up only enough for her to "kind of brush past him." As she was leaving, [Appellant] rubbed his hard penis on her backside. When [C.J.] asked [Appellant] why he rubbed his penis [against] her, he laughed and said, "Oh, it wasn't on purpose." [C.J.] testified that she felt "really violated."

Trial Court Opinion, 6/29/18, at 1-5 (internal citations omitted).

Appellant moved to reconsider his sentence on November 27, 2017. The court denied that motion on November 30, 2017. Appellant's timely appeal followed on December 29, 2017. The court, pursuant to Pa.R.A.P. 1925(b), directed Appellant to file a concise statement of errors complained of on appeal. Appellant timely filed his concise statement on March 16, 2018.

On appeal, Appellant claims that the trial court abused its discretion by imposing manifestly excessive and unreasonable sentences for attempted rape and aggravated assault.[1] Specifically, Appellant asserts that the trial court improperly relied upon factors such as his prior record score and the seriousness of his previous offenses when it imposed sentences that exceeded the aggravated range of the guidelines. Appellant submits that because prior

_____

[1] Neither party disputes that the ten to 20 year sentences Appellant received for attempted rape and aggravated assault exceeded the aggravated range of the guidelines and constituted statutory maximum punishments for those offenses. *See* 18 Pa.C.S.A. § 1103(1).

- 3 -

convictions are included in the computation of prior record scores, they do not constitute grounds for deviating from recommended punishments. ***See*** Appellant's Brief at 10-12.

Appellant's claim implicates a challenge to the discretionary aspects of his sentence. "It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." ***Commonwealth v. Antidormi***, 84 A.3d 736, 759 (Pa. Super. 2014) (citation omitted). Accordingly,

> [b]efore this Court may reach the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issue; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [***see*** Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. If the appeal satisfies each of these four requirements we will then proceed to decide the substantive merits of the case.

***Id.*** (original brackets, ellipsis, and citation omitted).

Here, Appellant filed a timely notice of appeal after preserving his sentencing claim in a post-sentence motion.[2] He has included a proper Rule

---

[2] The Commonwealth asserts that Appellant waived his claims by failing to raise them in his Rule 1925(b) concise statement. ***See*** Commonwealth's Brief at 9-12 and n.4. The Commonwealth raises a valid point that the precise issue Appellant litigates in this appeal was omitted from his Rule 1925(b) statement. Ordinarily, such an omission results in complete waiver on appeal. ***See, e.g., Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005). Nevertheless,

2119(f) statement in his brief. **See** Appellant's Brief at 8. Appellant also presents a substantial question. **See Commonwealth v. Goggins**, 784 A.2d 721, 731-732 (Pa. Super. 2000) (averment that sentencing court relied on factors already taken into account in determining prior record score and offense gravity score raises a substantial question).

Our standard of review of a challenge to the discretionary aspects of sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. The sentencing guidelines are not mandatory, and sentencing courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the guidelines. In every case where the court imposes a sentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. However, this requirement is satisfied when the judge states his reasons for the

---

Appellant's concise statement alleged, among other things, that the trial court gave undue weight to crimes for which Appellant was charged, but not convicted. **See** Appellant's Concise Statement, 3/16/18, at 2 para. C. In addition, the trial court's thorough opinion explained how Appellant's prior conduct informed its sentencing determination. Under these circumstances, we shall exercise our discretion and forgo a finding of waiver since the challenged omission has not hampered our review.

sentence on the record and in the defendant's presence. Consequently, all that a trial court must do to comply with the above procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court.

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

*Id.* at 760–761 (internal citations, quotations, original brackets and ellipsis omitted).

Here, Appellant's claim is that the trial court abused its discretion in considering factors already included in his prior record score[3] when it imposed punishments that exceeded the aggravated range of the sentencing guidelines.

[It is well settled, however, that a sentencing court may impose a sentence outside the guidelines where valid reasons exist].

_____

[3] Although Appellant suggests that his prior record score accounted for all of his assaultive conduct involving other victims, he offered little detail to support this contention. *See* Appellant's Brief at 13. Appellant's simple assault conviction arising from his 2010 attack against B.T. appears to have contributed to his prior record score. *See* Presentence Investigation Report, 8/28/17, at 1. The charges stemming from his 2013 contact with C.J., however, were dismissed because she did not appear in court. Thus, those charges did not contribute to Appellant's prior record calculation. In any event, our review of the record reveals that the trial court did not impose its sentence because Appellant committed these prior assaults as a matter of fact. Instead, the court considered Appellant's past conduct only to assess the trajectory of his behavior as part of its statutory duty to consider the danger Appellant posed to society. As we explain below, the court's approach did not violate the Sentencing Code or the norms of the sentencing process.

[I]n exercising its discretion, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as [it] also states of record the factual basis and specific reasons which compelled him to deviate from the guideline range. The sentencing guidelines are merely advisory and the sentencing court may sentence a defendant outside of the guidelines so long as it places its reasons for the deviation on the record.

*Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002) (citation omitted). The legislature has provided that an appellate court shall vacate a sentence and remand to the sentencing court if "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3). That section also mandates that "in all other cases the appellate court shall affirm the sentence imposed by the sentencing court." 42 Pa.C.S. § 9781(c). The factors that should be weighed when we review a sentence include:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. P.L.S.*, 894 A.2d 120, 129-130 (Pa. Super. 2006).

Contrary to Appellant's claim that matters included within a prior record score are *per se* off limits for the sentencing court, our sentencing guidelines recognize that prior record scores may inadequately reflect a defendant's criminal background. In 204 Pa.Code § 303.5(d), entitled "Adequacy of the

Prior Record Score," the guidelines provide that the court "may consider at sentencing previous convictions, juvenile adjudications or dispositions not counted in the calculation of the Prior Record Score, in addition to other factors deemed appropriate by the court." *See P.L.S.*, 894 A.2d at 131.

Here, we initially note that the trial court had the benefit of a pre-sentence investigation report. Thus, the trial court was aware of Appellant's relevant personal background, including his mental health issues, and we presume the trial court considered those factors in fixing Appellant's sentence. In addition, the trial court had ample grounds to conclude that Appellant's prior record score did not accurately reflect his criminal history and the unmistakable trends emerging from his criminal conduct. Based upon the testimony introduced at Appellant's sentencing hearing, the trial court observed that Appellant engaged in a pattern of assaults against women in public places during daylight hours. From this, the court inferred that Appellant possessed little impulse control. The court found this aspect of Appellant's behavior to be particularly troubling given that Appellant's criminal conduct was growing increasingly more violent and that he failed, on prior occasions, to take advantage of opportunities to rehabilitate himself. Taken together, in the trial court's view, these factors demonstrated that Appellant posed a significant danger to the community and, therefore, supported a departure from the guidelines. Because these findings are supported by the record and because the court's legal conclusions are free from error, we are

without grounds to conclude that the sentence imposed in this case was unreasonable. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/19