J-A18002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :           PENNSYLVANIA
  :
           v.                         :
  :
  :
  :
KESHAWN CURTIS MCLAURIN         :
  :
           Appellant           :     No. 703 WDA 2018

Appeal from the Judgment of Sentence March 20, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001498-2016

BEFORE:  BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                 **FILED OCTOBER 29, 2019**

Keshawn Curtis McLaurin appeals from the imposition of life without the

possibility of parole sentence after a jury convicted him of first-degree murder

and related charges.  We affirm.

The pertinent facts underlying Appellant's conviction were aptly

summarized by the trial court as follows:

> On the evening of July 24, 2015, a flash crowd of [fifty] to 100
> people attended a party at 230 West 29th Street in the City of Erie.
> A host of the partygoers had earlier attended a popular charity
> football game.  As the crowd grew, the party spread from inside
> the apartment at 230 West 29th Street (hereinafter "party house")
> to outside, along West 29th Street and its adjoining street, Summit
> Street.
>
> Appellant drove his Ford Explorer SUV to the scene of the party.
> He drove along West 29th Street, turned right and proceeded down
> Summit Street.  As Appellant's SUV rounded the corner onto
> Summit Street, gun shots were heard and seen coming from both
> sides of the vehicle.  Bystanders on both sides of Summit Street
> were shot:  Shakur Franklin was on the east side of Summit Street
> when a .38 caliber shot to his head killed him.  Shaquan Evans

was also on the east side of Summit Street when he was shot in the leg. Across the street, Jaylin Lee, Simmeal Wofford and Quaylen McClendon were shot as Appellant's SUV advanced down Summit Street. In addition, a parked car and several homes along Summit Street were struck by bullets coming from Appellant's SUV.

At the end of Summit Street, which is one block long, Appellant turned his SUV right onto Myrtle Street. While speeding from the scene of the shootings, Appellant lost control of his vehicle and crashed it into a telephone pole. His vehicle came to rest on its driver's side in the middle of Myrtle Street, less than two blocks away from the crime scene. Appellant and two other males were seen crawling out of Appellant's SUV through the passenger side window and running in the opposite direction of the party. Appellant was seen fleeing on foot.

In a statement to the police, Appellant admitted owning the wrecked SUV, which was registered in his name. Appellant stated he was driving the SUV when the shootings occurred. He also admitted that all of the items within his SUV belonged to him, and that no one else had recently driven his SUV, as he is the only person who drives his SUV. However, Appellant denied driving down Summit Street on the night of the shooting. Furthermore, Appellant told the police there was no one else with him in his SUV on the night of the shooting.

A .38 caliber H&R double-action revolver was found on the street outside Appellant's SUV. A second Smith and Wesson double-action revolver was recovered inside Appellant's SUV. Both of these guns had 5 spent rounds within the chambers.[1]

> [1] Two additional firearms were recovered; a .22 caliber semi-automatic pistol was found near 227/231 Goodrich Street and a .22 caliber pistol was found at 2912 Myrtle Street. Two live .22 caliber rounds as well as .22 caliber shell casings were also found behind 230 West 29th Street (the party house). This evidence was tested and used in a separate trial involving the shooting death of Elijah Jackson behind the party house.

Notable amounts of gunpowder residue were found on the headliner of Appellant's SUV.

> In addition to the death of Shakur Franklin, Jaylin Lee sustained a life threatening gunshot wound to the abdomen; Simeal Wofford sustained a through-and-through gunshot wound to his left thigh; Quaylin McClendon was shot in the ankle; and Shaquan Evans sustained 30 to 40 pellet wounds to his leg.

Trial Court Opinion, 8/27/18, at 1-3 (citations omitted).

The Commonwealth charged Appellant with criminal homicide, criminal conspiracy to commit murder, possession of instruments of a crime, person not to possess, carrying a firearm without a license, and two counts each of aggravated assault and recklessly endangering another person. The case proceeded to trial, and the jury convicted Appellant of all of the charges, except person not to possess.[1] On March 20, 2018, the court sentenced Appellant to serve an aggregate sentence of life without the possibility of parole plus nineteen years and seven months to thirty-nine years and two months of incarceration.

On April 2, 2018, Appellant filed a post-sentence motion challenging his co-defendant's admission of motive evidence regarding a retaliatory shooting and gang activity, arguing that all of his convictions were against the weight of the evidence, and asserting that the court abused its discretion in denying Appellant's pre-trial motion to disqualify the jury venire due to the low number of minorities present. The trial court ordered the Commonwealth to file a written response, which it did on April 23, 2018. On April 24, 2018, the trial court denied Appellant's post-sentence motion.

_____

[1] The firearms charge was severed prior to trial and later *nolle prossed* by the Commonwealth.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In his concise statement, Appellant challenged the sufficiency of the evidence to support his convictions, and asserted that the trial court abused its discretion denying Appellant's motion to sever his trial from co-defendant Mitchell's, allowing co-defendant Mitchell to present motive evidence regarding a retaliatory shooting and gang activity, and denying Appellant's motion to disqualify the entire jury panel for violation of his sixth amendment rights. The trial court thereafter authored its Rule 1925(a) opinion.

Appellant presents the following issues for our review:

I. Whether or not the Commonwealth presented sufficient evidence to prove the Appellant's guilt beyond a reasonable doubt as to the convictions of murder in the first degree, criminal conspiracy to commit murder in the first degree, aggravated assault regarding Shakur Franklin, and possession of instruments of crime regarding the incident that occurred on July 24, 2015?

II. Whether or not the Commonwealth presented sufficient evidence to prove the Appellant's guilt beyond a reasonable doubt as to the charges of aggravated assault for victims, Quaylin McClendon, Shaquan Evans, Simeal Wofford, and Jaylin Lee regarding the incident that occurred on July 24, 2015?

III. Whether or not the trial court erred and abused its discretion in allowing the Commonwealth to refresh witness, Jaylen Lee's memory when the witness never testified he did not remember and/or the Commonwealth failed to show that the [witness's] present memory was inadequate?

Appellant's brief at 3.

Appellant's first two claims challenge the sufficiency of the evidence to support his convictions. Our standard of review when considering a challenge to the sufficiency of the evidence is:

[w]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa.Super. 2017) (citations and quotation marks omitted).

Upon a review of the certified record, the parties' briefs, and the relevant law, the trial court's well-reasoned opinion properly describes how the evidence was sufficient to support the verdict. Accordingly, we affirm Appellant's judgment of sentence as to the first two claims on the basis of the opinion that the Honorable William R. Cunningham entered on August 27, 2018. *See* Trial Court Opinion, 8/27/18, at 5-25 (discussing Appellant's fourteen challenges to the sufficiency of the evidence in detail and explaining

that the Commonwealth presented overwhelming evidence of Appellant's guilt as to each element of every crime charged).

In his third claim, Appellant argues that the trial court erred when it allowed the Commonwealth to refresh victim Jaylen Lee's memory by reading sections of a prior statement into the record and asking Lee if that was correct, without first eliciting testimony from Lee that his memory was in need of refreshment. Appellant's brief at 29. However, before we can reach the merits of Appellant's claim, we must first determine if it is properly before us.

Generally, issues not raised in a Rule 1925(b) statement will be deemed waived for review. **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1988)). A review of Appellant's Rule 1925(b) statement reveals that he did not include this issue in his filing. **See** Concise Statement, 6/4/18. Therefore, it is waived.[2]

Judgment of sentence affirmed.

---

[2] Even if Appellant had included this claim in his Rule 1925(b) statement he would not be entitled to relief. While Appellant's trial counsel did contemporaneously object to the Commonwealth's decision to show the victim a prior recorded statement without first asking if it would refresh his recollection, counsel did not object to the particular line of questioning Appellant attacks here. Appellant challenges the Commonwealth's decision to read portions of the transcript into the record, which occurred after this initial objection. Trial counsel did not object to this subsequent separate dialogue. Therefore, this issue was not properly preserved trial. **See Commonwealth v. Sanchez**, 36 A.3d 24, 42 (Pa. 2011) (discussing issue preservation and explaining the reasons behind the contemporaneous objection requirement).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/29/2019